IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FENBERG,<br><br>          Plaintiff,<br>     v.<br><br>COWDEN AUTOMTIVE LONG TERM DISABILITY PLAN,<br><br>          Defendants. | No. C 03-03898 SI<br><br>**ORDER RE: JUDGMENT** |

On May 24, 2005, the Court filed its Order granting summary judgment in favor of plaintiff. The Court directed the parties to provide the Court with a proposed order that included the appropriate payment of back benefits and clarification of future benefits. Plaintiff submitted such an order on June 17, 2005, but defendant did not agree with the analysis in the order or the award requested by plaintiff and on June 21, 2005 submitted its own analysis. Plaintiff's letter stated that he would file a response to defendant's objections, but he has not done so. Thus, to date, no judgment has been entered.

The parties agree that the Gross Monthly Benefit ("GMB") is $3,745.35. The parties also agree that the amount provided under the plan should be reduced by any Social Security benefits or state disability benefits received by plaintiff. The parties agree that the state disability payments total $2,123.33 a month. However, plaintiff asserts that he received state disability benefits from June 1, 2002 until November 30, 2002. Defendant argues that state disability benefits are paid for one year, and if plaintiff's state disability benefits were discontinued, it means that he was no longer disabled. Therefore, the Court will reduce plaintiff's award by $2,123.33 a month for twelve months beginning on June 1, 2002, unless plaintiff 1) produces evidence that his state disability benefits were discontinued 2) for reasons other than a change in whether he was disabled, as defined by the state. Additionally, if defendant's assertion that state disability benefits are paid for 12 months is incorrect, plaintiff should notify the Court and it would then be entitled to have the reduction withdrawn.

1  The parties disagree on the amount of Social Security Benefits received. Plaintiff states that the monthly payment is $1,314. Defendant states that the payment is $1,333. Neither party has presented any evidence in support of their assertion. Therefore, unless plaintiff presents evidence to the contrary, his award should be reduced by $1,333 a month.

The remaining issue is whether plaintiff is entitled to recover benefits from June 1, 2002 until the present. Plaintiff asks the Court to award benefits "for as long as plaintiff remains disabled under the terms of the plan or until plaintiff reaches the age of 65 years as provided in the plan documents." See Proposed Order at 2. Defendant argues that the policy limits benefits to 24 months for disabilities "caused by or contributed by mental or nervous disorders including depressive disorders." Letter Brief at 2. See AR at 18. Additionally, after receiving benefits for 36 months, an individual can only receive benefits if "totally disabled from any occupation." Id. See AR at 8.

Because plaintiff's diagnosis by his doctor that he was disabled was based, at least in part, on his depression, the Court finds that plaintiff is entitled to benefits for at least 24 months beginning from June 1, 2002. It is clear from the administrative record that plaintiff had physical limitations. However, plaintiff's doctor specifically included depression in his diagnosis. See AR at 191. Therefore, the current record does not allow determination whether, after receiving coverage for 24 months, plaintiff's disability was not "contributed by mental or nervous disorders" as provided in the policy. See AR at 18. Hence, the matter should be remanded to determine whether plaintiff was entitled to coverage under the policy after 24 months.

Accordingly, the Court orders plaintiff to prepare a form of judgment providing for the proper payment of back benefits, taking into consideration this Order, and submit it to the Court by no later than September 23, 2005. Thereupon, the matter will be remanded for further consideration by the plan administrator concerning coverage after 24 months and/or into the future.

**IT IS SO ORDERED.**

Dated: September 9, 2005

SUSAN ILLSTON
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FENBERG,<br><br>        Plaintiff,<br>   v.<br><br>COWDEN AUTOMTIVE LONG TERM DISABILITY PLAN,<br><br>        Defendants.<br>_____/ | No. C 03-03898 SI<br><br>**ORDER RE: JUDGMENT** |

       On May 24, 2005, the Court filed its Order granting summary judgment in favor of plaintiff. The Court directed the parties to provide the Court with a proposed order that included the appropriate payment of back benefits and clarification of future benefits. Plaintiff submitted such an order on June 17, 2005, but defendant did not agree with the analysis in the order or the award requested by plaintiff and on June 21, 2005 submitted its own analysis. Plaintiff's letter stated that he would file a response to defendant's objections, but he has not done so. Thus, to date, no judgment has been entered.

       The parties agree that the Gross Monthly Benefit ("GMB") is $3,745.35. The parties also agree that the amount provided under the plan should be reduced by any Social Security benefits or state disability benefits received by plaintiff. The parties agree that the state disability payments total $2,123.33 a month. However, plaintiff asserts that he received state disability benefits from June 1, 2002 until November 30, 2002. Defendant argues that state disability benefits are paid for one year, and if plaintiff's state disability benefits were discontinued, it means that he was no longer disabled. Therefore, the Court will reduce plaintiff's award by $2,123.33 a month for twelve months beginning on June 1, 2002, unless plaintiff 1) produces evidence that his state disability benefits were discontinued 2) for reasons other than a change in whether he was disabled, as defined by the state. Additionally, if defendant's assertion that state disability benefits are paid for 12 months is incorrect, plaintiff should notify the Court and it would then be entitled to have the reduction withdrawn.

1    The parties disagree on the amount of Social Security Benefits received. Plaintiff states that the monthly payment is $1,314. Defendant states that the payment is $1,333. Neither party has presented any evidence in support of their assertion. Therefore, unless plaintiff presents evidence to the contrary, his award should be reduced by $1,333 a month.

The remaining issue is whether plaintiff is entitled to recover benefits from June 1, 2002 until the present. Plaintiff asks the Court to award benefits "for as long as plaintiff remains disabled under the terms of the plan or until plaintiff reaches the age of 65 years as provided in the plan documents." See Proposed Order at 2. Defendant argues that the policy limits benefits to 24 months for disabilities "caused by or contributed by mental or nervous disorders including depressive disorders." Letter Brief at 2. See AR at 18. Additionally, after receiving benefits for 36 months, an individual can only receive benefits if "totally disabled from any occupation." Id. See AR at 8.

Because plaintiff's diagnosis by his doctor that he was disabled was based, at least in part, on his depression, the Court finds that plaintiff is entitled to benefits for at least 24 months beginning from June 1, 2002. It is clear from the administrative record that plaintiff had physical limitations. However, plaintiff's doctor specifically included depression in his diagnosis. See AR at 191. Therefore, the current record does not allow determination whether, after receiving coverage for 24 months, plaintiff's disability was not "contributed by mental or nervous disorders" as provided in the policy. See AR at 18. Hence, the matter should be remanded to determine whether plaintiff was entitled to coverage under the policy after 24 months.

Accordingly, the Court orders plaintiff to prepare a form of judgment providing for the proper payment of back benefits, taking into consideration this Order, and submit it to the Court by no later than September 23, 2005. Thereupon, the matter will be remanded for further consideration by the plan administrator concerning coverage after 24 months and/or into the future.

**IT IS SO ORDERED.**

Dated: September 9, 2005

SUSAN ILLSTON
United States District Judge

2