IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FENBERG,<br><br>    Plaintiff,<br>  v.<br><br>COWDEN AUTOMOTIVE LONG TERM<br>DISABILITY PLAN,<br><br>    Defendant. | No. C 03-03898 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS** |

Currently pending is plaintiff's motion for attorney fees and costs. Pursuant to Local Rule 7-1(b), the Court finds the motion suitable for resolution without oral argument and therefore VACATES the hearing set for January 13, 2006. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff Larry Fenberg was the General Manager of Cowden Automotive from 1995 until late February 2002. As an employee of Cowden Automotive, plaintiff was covered under Cowden Automotive's Group Long-Term Disability Plan, issued by Reliance Standard Life Insurance Company. Plaintiff was terminated in February 2002 by the president of Cowden Automotive for not "following company policies."

Plaintiff had been HIV positive for "7 or 8" years as of February 2002. Administrative Record 105 ("AR"). After his termination, plaintiff applied for long term disability benefits under the plan based on depression, HIV, and various physical ailments. Defendant Plan denied benefits on August 6, 2002, asserting that plaintiff became disabled only after he lost eligibility due to termination of employment. Plaintiff appealed the decision, but his appeal was denied by defendants. Thereafter,

plaintiff filed an action in this Court, claiming failure to pay benefits due under 29 U.S.C. § 1132(a)(1)(B). Upon reviewing the case, this Court granted plaintiff's motion for summary judgement and denied defendant's motion for summary judgement. Plaintiff's counsel for this action was James G. Mellen.

Plaintiff has now brought a motion for an award of attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1). Defendant does not challenge plaintiff's entitlement to attorney fees, since plaintiff has clearly prevailed in this action, but does oppose the motion based allegedly overstated total hours spent and hourly fee rates.

**LEGAL STANDARD**

The Employee Retirement Income Security Act ("ERISA") provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Because ERISA is "remedial legislation which should be liberally construed in favor of protecting participants in employee benefit plans," a prevailing ERISA plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir. 1984) (internal quotation marks omitted).[1]

If it finds that an award of attorney fees would be reasonable, the district court must determine the amount of the fee award based on a lodestar analysis, which consists of multiplying "the number of hours reasonably expended on the litigation by a reasonable hourly rate." *D'Emanuele*, 904 F.2d 1379, 1382, 1383 (9th Cir. 1990). The number of hours compensated should exclude hours that were not reasonably expended on the litigation, or that are "excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotation marks omitted). In determining the hourly rate, the Ninth Circuit has instructed district courts to use "the rate

---

[1]In granting plaintiff's motion for summary judgment, this Court overturned the decision by the plan administrator as to the initial denial of benefits and remanded the issue of benefits due two years after the claim. The Court deems this result sufficient for the awarding of attorney fees pursuant to 29 U.S.C. § 1132(g)(1). "As a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Smith,* 746 F.2d at 589 (internal quotation marks omitted).

1 prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1985). Plaintiff must demonstrate, through the submission of detailed time records as well as other evidence, the reasonableness of both the hours claimed and the rate for such services. *Van Gerwen*, 214 F.3d at 1045.

**DISCUSSION**

The only issues before the Court are the reasonableness of the hours claimed by plaintiff's counsel and of his proposed hourly rate.

**1.     Number of hours**

The party seeking the fee award bears the burden of submitting sufficiently detailed time records to justify the hours claimed. *Van Gerwen*, 214 F.3d at 1045. Such records are necessary "to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* (internal quotation marks omitted).

Mr. Mellen reports that he expended 80.4 hours on this case and has accounted for this amount in thirteen separate entries in his declaration, each with a corresponding claim for hours. Decl. of James G. Mellen ("Mellen Decl.") at ¶ 8. Each entry lists specific tasks, such as "telephone calls to defense counsel" and " review of order," for which no individual accounting of hours is offered. *Id.* Out of the various tasks contained within the entries, Mr. Mellen has offered dates for six. *Id.* Defendant asserts both that Mr. Mellen's accounting lacks the specificity necessary to determine the reasonableness of the hours claimed and that some entries are excessive.

**A.     Specificity**

Defendant asserts that plaintiff's submission as to the hours spent on litigation lacks specificity and that "complete" billing information is necessary to determine whether the hours worked are reasonable. However, plaintiff is not obligated to specify how each minute of his time was expended. *Cortes v. Metropolitan Life Insurance Co.*, 380 F. Supp. 2d 1125, 1133 (C.D. Cal. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Instead, he is only required to identify the general subject

3

1 matter of his time expenditures. *Id.* Here, Mr. Mellen has done just that. For example, he offered as his first entry all the tasks involved with investigating his client's claim, which includes "[i]nitial telephone calls, office visit, review of the files and research concerning claim." Mellen Decl. at ¶ 8. The Court finds that plaintiff's counsel has accounted for his time with adequate specificity.

### B. Excessiveness

Defendant also asserts that some of Mr. Mellen's time entries are excessive. Specifically, defendant disputes the 10.1 hours claimed for the motion for partial summary adjudication on the standard of review and the 29.3 hours claimed in connection with the motion for summary judgement. Def. Opp. Br. at 3.

In disputing the 10.1 hours claimed for the motion for summary adjudication on the standard of review, defendant points out that a "large portion" of the brief filed in this case by plaintiff's counsel was identical to a brief filed in a previous case litigated by Mr. Mellen, *Firestone v. Acuson Corp. Long Term Disability Plan,* 326 F. Supp. 2d 1040 (D. Cal. 2004). Def. Oppo. Br. at 3. Given this fact, defendant asserts that "it is doubtful that briefing would take 10.1 hours." *Id.* However, the entry for which Mr. Mellen claims 10.1 hours involved more than researching and writing a brief; it also included an appearance at a hearing in this court on September 10, 2004, and the attendant preparation time. As such, this Court does not find the hours spent excessive.

Defendant also contends, with more persuasive force, that the 29.3 hours claimed for the cross-motions for summary judgment is excessive. These motions were relatively brief and the factual administrative record was uncomplicated. As discussed below, Mr. Mellen has extensive experience with ERISA litigation and presumably is quite familiar with filing such motions. It would thus follow that researching and drafting the two submissions would require minimal effort on Mr. Mellen's part, certainly less than 29.3 hours. Even accounting for the telephone calls to defense counsel, the manual filing and the appearance at the hearing, the Court finds that 29.3 hours is excessive and accordingly reduces the time permitted for this entry to 23 hours.

4

**2.    Hourly rate**

The Ninth Circuit has instructed district courts to set hourly rates in accordance with "the rates prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers*, 796 F.2d at 1211.  The party seeking attorney fees bears the burden of demonstrating that proposed rates are in line with this standard.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Mr. Mellen seeks an hourly rate of $400.00.  According to his declaration, he graduated from law school in 1989 and has conducted an ERISA litigation practice full-time since then. Mellen Decl. at ¶ 4. He has litigated in federal district court and has twice conducted Mandatory Continuing Legal Education (MCLE) presentations concerning ERISA claims litigation. *Id.* at ¶¶ 4, 6.  Additionally, ECF indicates that there have been eighty-four cases where Mr. Mellen has served as an attorney, most of which involved ERISA.  Mr. Mellen asserts that the proposed rate is comparable with those charged by ERISA attorneys with similar skill and experience and points to the rates charged by five of his colleagues, Gary Nawa, Ronald Dean, Charles Fleishman, R. Bradford Huss and Daniel Feinberg. Plaintiff has attached declarations for all five of the ERISA attorneys.  Mr. Huss and Mr. Feinberg are the only two practicing in Northern California and both charge in excess of $400.00.

Mr. Huss is a shareholder at the law firm of Trucker and Huss in San Francisco. Decl. of R. Brandford Huss at 2.   He has been practicing in the field of employee benefits since 1977 and has litigated employment cases before federal courts at both the district and appellate levels.  *Id.* at ¶ 3. Mr. Huss has also served as a mediator in ERISA related litigation matters both in his private capacity and by court appointment.  *Id.* at ¶ 4.  In a declaration dated April 6, 2004, Mr. Huss stated that he charged an hourly rate of $425 to $450, which he claimed was 20% lower than that charged by large firms for similar services.  *Id.* at ¶ 6.

Mr. Feinberg is a shareholder at the law firm of Lewis and Feinberg, which specializes in employee benefits law. Decl. of Daniel Feinberg at 1, 3. Mr. Feinberg has been practicing at his law

5

firm since 1988 and became partner in 1993. *Id.* at ¶ 3.  He has published numerous papers in the field of employment and labor law including two articles in the ERISA Litigation Reporter. *Id.* at 4.  Like Mr. Huss, Mr. Feinberg has litigated ERISA cases at both the district and the appellate levels and has served a mediator in ERISA litigation matters. *Id.* at 4. Given these qualifications, Mr. Feinberg sought an hourly rate of $450 in a declaration dated April 6, 2004.

Both Mr. Feinberg and Mr. Huss seem to have significantly more experience with ERISA litigation than Mr. Mellen.  Moreover, while all three attorneys practice in Northern California, Mr. Mellen practices in Stonyford, a town some distance away from the Bay Area, and has offered no evidence of the hourly rates charged by ERISA attorneys practicing within his general locality.

Nevertheless, in producing the declarations of Mr. Feinberg and Mr. Huss, plaintiff, as the fee seeking party, has met its initial burden of demonstrating that the proposed fee rates were in line with those of prevailing market rates.  According to the Ninth Circuit, once the fee applicant has provided such evidence, the proposed rates are presumed to be reasonable unless the opposing party produces evidence, such as affidavits, to rebut them.  *Phelps Dodge*, 896 F.2d at 407.  While defendant disputes the hourly rate proposed by plaintiff, he has not provided any evidence challenging their reasonableness. Accordingly, the hourly rate of $400 proposed by James Mellen is found to be reasonable.

## CONCLUSION

Based on the foregoing, the Court AWARDS plaintiff both attorney fees in the amount of $29,840.00, consisting of 74.1 hours worked by James G. Mellen at an hourly rate of $400.00 and costs consisting of $200.00 for filing fees paid to this Court.

**IT IS SO ORDERED.**

Date: January 11, 2006

SUSAN ILLSTON
United States District Judge